### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | |
| )| |
| **Plaintiff,**          ) | |
| ) | |
| vs.                                            ) | CR. NO. 2:19-cr-20083-SHL |
| ) | |
| JAMES LITTON,                         ) | |
| ) | |
| **Defendant.**          ) | |

### MOTION IN LIMINE  #2

**COMES NOW,** Claiborne H. Ferguson, counsel for Defendant, and hereby files this Motion in Limine with argument for a pretrial ruling on the admissibility of evidence.

**Evidence Sough Excluded:**  As background, the government will call Amy Smith. Ms. Smith functioned as a billing clerk for Mr. Litton in his clinic. Her job was to complete the billing to insurance.  She did this by collecting the billing sheets and comparing them with the medical records to ensure the billing was correct.  She is the unindicted co-conspirator in this case.  Based on her interview with the Office of Inspector General the following is expected to be objected to.

First, it is expected during the testimony of Amy Smith she will attempt to introduce scientific or medical evidence outside her expertise.  Ms. Smith was the medical billing clerk for Mr. Litton.  As such, she has no formal medical training, but is trained to read charts for billing purposes.  She should not be allowed to give any opinions concerning medical care.

Second, she too "heard allegations" against Mr. Litton that, at best is double-hearsay.

These statements would be "allegations" that Mr. Litton "stole patients' pills." She hear this from other staff members who may or may not have heard the statements from the patient or maybe someother staff member that were involved in the "rumor mill" that hospitals are. Also, she may wish to testify concerning other employee's reasons for leaving the clinic: "Sandra LNU…left because she disagreed with the practice of Litton writing pain prescriptions without seeing patients."

**Grounds for Exclusion:**  The admissibility of scientific opinion testimony lies at the heart of Fed. R. Evid 702 which reads:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

See, *United States ex rel. Tenn. Valley Auth. v. 1.72 Acres of Land in Tenn*., 821 F.3d 742 (6th Cir. 2016). Ms. Smith's testimony would not meet this standard as she does not have the background, training, or expertise to form any opinion as to medical care. Therefore, she should be precluded from giving such testimony.

As to the other evidence, statements from others, the evidence is rank hearsay with no exceptions. If fact, it might be double-hearsay. **Fed. R. Evid. 801**, et seq.; **United States v. Nelson,** 725 F.3d 615 (6th Cir. 2013) (statements from anonymous callers was hearsay and inadmissible). Furthermore, assuming the calls were really made, the statement lacks the context or meaning as the reason for the refusal to fill prescriptions is not given which invites speculation

and limits and finding of relevance.  **Id**. at 620.  Furthermore, without names and dates of the conversation, there is no way to determine if the statements, if made, are trustworthy and related licensure

Wherefore, Defendant asks the Court to exclude or limit the use of the forgoing evidence.

Respectfully submitted,

**The
CLAIBORNE ⚜ FERGUSON
Law Firm, P.A.**
294 Washington Avenue
Memphis, Tennessee 38103
(901) 529-6400
claiborne101@yahoo.com

/s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)
Attorney for Defendant

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon all concerned parties, via the Court's electronic filing system, this the 5th day of April 2021.

s/Claiborne H. Ferguson
CLAIBORNE H. FERGUSON