IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CR. NO. 2:19-cr-20083-SHL |
| ) | |
| JAMES LITTON, ) | |
| ) | |
| Defendant. ) | |

## MOTION IN LIMINE  #3

**COMES NOW,** Claiborne H. Ferguson, counsel for Defendant, and hereby files this Motion in Limine with argument for a pretrial ruling on the admissibility of evidence.

**Evidence Sough Excluded:**  The government should not be allowed to elicit testimony from Kelly Medling that Mr. Litton's prescription of opioids was "ridiculously high."  This is a medical opinion which requires specialized knowledge to give.  For context, Ms. Medling is a pharmacy technician at a pharmacy in the same strip-center as Mr. Litton's health clinic.  To become a pharmacy technician in Tennessee one must have a minimum of $50.00 for the licenses. That's pretty much it. No minimum age, no school, just submit a background check and declare you're a citizen.  She has ZERO formal training in medicine and is hired to count pills into a bottle.  She would not be qualified to give an opinion.

**Grounds for Exclusion:**

The admissibility of scientific opinion testimony lies at the heart of Fed. R. Evid 702 which reads:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

See, *United States ex rel. Tenn. Valley Auth. v. 1.72 Acres of Land in Tenn*., 821 F.3d 742 (6th Cir. 2016). Ms. Smith's testimony would not meet this standard as she does not have the background, training, or expertise to form any opinion as to medical care. Therefore, she should be precluded from giving such testimony.

Wherefore, Defendant asks the Court to exclude or limit the use of the forgoing evidence.

Respectfully submitted,

**The
CLAIBORNE ⚜ FERGUSON
Law Firm, P.A.**
294 Washington Avenue
Memphis, Tennessee 38103
(901) 529-6400
claiborne101@yahoo.com

/s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon all concerned parties, via the Court's electronic filing system, this the 5th day of April 2021.

<u>s/Claiborne H. Ferguson</u>
CLAIBORNE H. FERGUSON