IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CR. NO. 2:19-cr-20083-SHL |
| | ) | |
| JAMES LITTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION IN LIMINE #5

**COMES NOW,** Claiborne H. Ferguson, counsel for Defendant, and hereby files this Motion in Limine with argument for a pretrial ruling on the admissibility of evidence.

**Evidence Sough Excluded:** Generally, the government should not be allowed to use the prior Board of Nursing proceedings against him. Prior to the first scheduled trial. The Government filed at Document 49 a pre-trial notice to use evidence. Upon the best reading of the document, the government was noticing the intent to use evidence of health care fraud in its drug conspiracy case against Mr. Litton. Subsequent to that filing that the Response filed by Defendant, the government superseded the indictment to include health care fraud. While this seems to make the proposed evidence more relevant, the fact remains that the conduct covered in the Board of Nursing investigation is not the same conduct that Mr. Litton is on trial for. The conduct that was the bases of the nursing Board occurred prior to the February 2017 date as the Government alleges in the superseding indictment. In fact, the Board complaint was in regard to charting deficiencies while at Delta Medical Center during August 2014 to August 2016. There

was a technical violation from December 2016 of not having the correct certificate to run a pain clinic that did not involve his medical practices, just his licensure but also included a failure to chart or provide other modalities of treatment.

There was no finding that he engaged in fraud, criminal activities, or prescribed in a manner outside professional norms.  The Board allowed him to keep his license and continue to practice.

**Grounds for Exclusion:**  The evidence is not relevant to the issues at hand**.  Fed. R. Evid. 401;**  *Koloda v. General Motors Parts Div., General Motors Corp*., 716 F.2d 373 (6th Cir. 1983) ("Relevancy is the threshold determination in any decision regarding the admissibility of evidence; if evidence is not relevant, it is not admissible.").  It contains interviews and statements from others that will not be present in court (hearsay) and will not be subject to cross-examination.  **Fed. R. Evid. 801, et seq.** Furthermore, the alleged conduct was not during the time to the alleged crime in the indictment and as such can cause unfair prejudice, confuse the issue, and mislead the jury.  **Fed. R. Evid. 403;** *U.S. v. Stout*, 509 F.3d 796 (6th Cir. 2007).

Wherefore, Defendant asks the Court to exclude or limit the use of the forgoing evidence. Absent an exclusion, an order limiting or restricting the admissibility of the records to only those portions that are relevant and a limiting instruction would be required.

Respectfully submitted,

**The
CLAIBORNE ❈ FERGUSON
Law Firm, P.A.**
294 Washington Avenue

Memphis, Tennessee 38103
(901) 529-6400
claiborne101@yahoo.com

/s/ Claiborne H. Ferguson
CLAIBORNE H. FERGUSON (20457)
Attorney for Defendant

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon all concerned parties, via the Court's electronic filing system, this the 5th day of April 2021.

s/Claiborne H. Ferguson
CLAIBORNE H. FERGUSON