IN THE UNITED STATES DISTRICT COURT
FORE THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. <u>2:19-CR-20083(SHL)</u> |
| ) | |
| vs. ) | |
| ) | |
| JAMES LITTON ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S MOTIONS IN LIMINIE**

The United States hereby respectfully opposes Defendant James Litton's (the "Defendant's") five (5) Motions in Limine, seeking to exclude certain witness testimony and evidence (Dkt. 93-97):

**Motion in Limine 1**

Citing Federal Rules of Evidence 801 and 403, Defendant's first motion in limine seeks to exclude testimony that a potential witness was "told by staff at [Get Well Family Medicine where she and James Litton worked] that pharmacies called and said they wouldn't fill any prescriptions written by Litton" and testimony as to what other patients said concerning allegations of Litton taking their pills during pill counts.

The government does not intend to seek to introduce impermissible hearsay, but may introduce statements that are either non-hearsay during trial or those that fall within an exception to the rule against hearsay. "[T]he hearsay rule bans in-court repetition of extra-judicial utterances only when they are offered to prove the truth or falsity of their

1

contents. The rule does not apply to statements offered merely to show that they were made." *United States v. Gibson*, 675 F.2d 825, 833–34 (6th Cir. 1982). The complained-of statements, if offered at all, would only potentially arise for non-hearsay purposes or under an exception to the rule. For example, if a witness confronted James Litton regarding certain allegations, those statements would not be introduced for their truth, but may be introduced for various permissible purposes including the fact that James Litton was told about these issues; that is, their effect on the defendant and his knowledge of such allegations.

Moreover, any concern regarding substantial prejudice under Rule 403 could be addressed by a limiting instruction, specifically informing the jury about the purpose of the statements. *See, e.g., United States v. Perry*, 438 F.3d 642, 649 (6th Cir. 2006) (where evidence of defendant's participation in a subsequent bank robbery was not sufficiently prejudicial to render it inadmissible. Prior to the admission of the evidence, the district court gave the jury an appropriate limiting instruction, which it repeated throughout trial).

**Motion in Limine 2**

In Defendant's second motion in limine, relying on Rule 702, he argues against the government introducing expert testimony regarding Amy Smith. Notably, the government has not noticed Ms. Smith as an expert. Amy Smith, a potential witness who worked with billing during the indictment period, may, however, provide non-expert opinions under Rule 701. Under Federal Rule of Evidence 701, witness opinion testimony is limited to testimony that is, "rationally based on the witnesses perception; helpful to clearly

understanding the witness's testimony or determining a fact in issue; and not based on scientific, technical, or other specialized knowledge within the scope of 702."

Here, Litton is charged with health care fraud and, as the defense points out, Smith may be considered an unindicted co-conspirator. Her raw knowledge of the rules and regulations regarding billing in a medical office, as they relate to the care provided, are directly relevant to the charges against Litton, and would be useful to the jury. Moreover, testimony about the same without providing an opinion about whether Litton was in compliance with them, for example, is not expert testimony. *See, e.g., United States v. Hilst*, No. 07-10079-01-WEB, 2007 WL 9717579, at *12 (D. Kan. Oct. 19, 2007) (discussing testimony of the government DEA Diversion Investigator, who would explain the regulations and statutes relating to dispensing of controlled substances under federal law, and her job and the job of the Diversion office, and reasoning, "[t]o the extent this witness merely explains the relevant legal background and the purpose of the Diversion office, the court concludes that such testimony likely falls under Rule 701 rather than 702" if not providing an opinion).

In addition, the defendant complains about potential hearsay regarding Smith's testimony. As discussed above, the government does not intend to seek to introduce impermissible hearsay, but may seek to introduce testimony that is non-hearsay (i.e. not offered for its truth) or that falls within an exception to the rule against hearsay (e.g. effect of the listener).

**Motion in Limine 3**

In his third motion in limine, the defense seeks to exclude evidence that James Litton either prescribed medication for himself or for his family under Rules 401 and 403. First,

"the relevance threshold is very low under Rule 401. And . . . the government is permitted to build an incremental case. And simply because the evidence may not prove the crime or prove this crime does not mean, necessarily, that the evidence is irrelevant." *United States v. Whittington*, 455 F.3d 736, 739 (6th Cir. 2006) (quoting the district court). Given the charges, that defendant Litton conspired to distribute controlled substances outside the scope of professional practice, the individuals to whom Litton prescribed is relevant, including if he were prescribing substances to himself or to his family. Moreover, it would neither be misleading or confusing for the jury to hear that Litton provided these prescriptions, to the extent they were included on any prescription records in the evidence.

**Motion in Limine 4**

Defendant's fourth motion in limine seeks to exclude a pharmacy technician, who filled some of Litton's prescriptions, from testifying about the amount of opioids Litton wrote in comparison to others. A pharmacy technician with first-hand knowledge of Litton's prescriptions can testify about his or her observations with respect to the facts at issue in a case. Indeed, such pharmacy technician testimony would fall squarely within the bounds of non-expert testimony under Federal Rule of Evidence 701.  For example, a treating physician could testify about care that he or she provided, without being an expert. *See Krutko v. Franklin Cty.*, Ohio, No. 2:11-CV-610, 2016 WL 455397, at *4 (S.D. Ohio Feb. 5, 2016) (citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) ("The Sixth Circuit has held that an expert report 'is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or

4

she learned through actual treatment and from the plaintiff's records up to and including that treatment'").

In *United States v. Jones*, 825 F. App'x 335, 343 (6th Cir. 2020), the Sixth Circuit held that the district court did not abuse its discretion by admitting certain opinion testimony by a pharmacy technician, who also had one year of pharmacy school. The court reasoned that the witness could not be characterized as "an expert in lay witness clothing" and that the witness reached his opinion using "'a process of reasoning familiar in everyday life' rather than 'reasoning which can be mastered only by specialists in the field'" (internal citation omitted). *Id.*

### Motion in Limine 5

Defendant Litton's fifth motion in limine seeks to exclude relevant evidence that is specifically alleged in the indictment. Contrary to Litton's assertion that the Board Investigation is irrelevant, the Tennessee Board of Nursing undertook this investigation during the indictment period and the corresponding documents are evidence of Litton's knowledge, notice, and efforts to conceal the crimes for which he is charged. Indeed, Paragraph 19 of First Superseding Indictment in this matter specifically alleges, "On or around May 2, 2017, JAMES LITTON, in order to conceal the existence of the conspiracy, made numerous false statements to an investigator from the Tennessee Department of Health" and provides examples of the false statements he made during the Board Investigation.

Moreover, documents and statements offered as evidence from the Board investigation may be offered for non-hearsay purposes, or under an exception. For example, such evidence may be offered to show their effect on the Defendant. And the

5

Defendant's statements themselves, when offered by the government, are not hearsay under Federal Rule of Evidence 801(d)(2).

WHEREFORE Defendant's Motions in Limine should be DENIED.

Respectfully Submitted,

By: _____/s/ Jillian Willis_____
Jillian Willis
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section

CERTIFICATE OF SERVICE

On April 9, 2021, I served a copy of this document by electronically filing it on the Court's electronic filing system.

/s/ Jillian Willis _____
JILLIAN WILLIS
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section