IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CR. NO. 2:19-cr-20083-SHL |
| JAMES LITTON, | ) ) ) |
| Defendant. | ) |

## STIPULATIONS AS TO ADMISSIBILITY OF EVIDENCE

The United States and the Defendant stipulate to the admissibility of exhibits for the jury trial in this matter as follows:

The United States has provided the Defendant with a list of potential exhibits, sorted by category and bearing a *Bates* number located in the bottom middle portion of the page.[1] After meeting and conferring about the categories of potential exhibits, the United States and the Defendant agree as follows:

1. Documents bearing numbers in the "100 Series,"[2] which are comprised of emails and text messages involving the Defendant as a sender or recipient are authentic and admissible without need for further foundation. Specifically excluded from this stipulation are documents bearing *Bates* numbers 109, 118, 121, 122, 123, 124, 125, 126, 127, and 128, which the United States does not expect to offer into evidence.

---

[1] These *Bates* numbers appear as follows: "DOJ-100.001", with the 100, in this example, being the document number, and the ".001" representing the page number within that document.
[2] The "100 Series" refers to documents numbered 100, 101, 102, etc., including all of their pages. Further references to a "Series" of documents herein has the same meaning.

2. Documents bearing numbers in the "200 Series" are documents related to an investigation by James Litton conducted by the Tennessee Board of Nursing. The United States and the Defendant agree that the file labeled 200 (which is an audio-recording of an interview with the Defendant), and all clips thereof (labeled Clip A, B, C, D, etc., in order of their appearance in the interview), are authentic and admissible statements of the Defendant, and may be admitted into evidence without need for further foundation. Likewise, documents numbered 203, 204, and 206 are admissible and may be admitted into evidence without need for further foundation.

3. Documents bearing numbers in the "300 Series" are patient records, and are authentic and admissible into evidence without need for further foundation.

4. Documents bearing numbers in the "400 Series" are related to an audit conducted of the Defendant's medical practice, and with the <u>exception</u> of the document numbered 420, are authentic and admissible, and may be admitted into evidence without need for further foundation. The United States does not intend to enter Document 420 into evidence.

5. Documents bearing numbers in the "500 Series" contain certain data, such as Controlled Substance Monitoring Database data for both Tennessee and Mississippi, and Medicare and Medicaid claims data related to James Litton and other associated providers. In addition, the 500 Series contains a number of summary exhibits, which will be offered by the United States pursuant to Rule 1006 of the Federal Rules of Evidence. The United States and the Defendant agree that documents in the 500 Series, and all summaries thereof are authentic and admissible, and may be admitted into evidence without need for further foundation.

6. Documents bearing numbers in the "600 Series" contain records of banking activity, in addition to summaries thereof offered pursuant to Federal Rule of Evidence 1006. The United States and the Defendant agree that all such documents and summaries thereof may be admitted into evidence without need for further foundation.

7. Documents bearing numbers in the "700 Series" contain summaries of data, banking, and other admissible exhibits identified above. These summaries are

compiled across categories and offered pursuant to Federal Rule of Evidence 1006. The United States and the Defendant agree that all such documents may be admitted into evidence without need for further foundation.

8. Documents bearing numbers in the "800 Series" are a "miscellaneous" category of documents, including photographs, maps, Medicare and Medicaid enrollment documents, and other miscellaneous business records obtained from the Defendant's clinic pursuant to a valid search. Counsel for the defendant has reviewed each of these documents individually, and agrees with the United States that they are authentic and admissible, and may be admitted into evidence without the need for further foundation.

Jointly Submitted this 16th day of April, 2021 by:

_____
Claiborne Ferguson
Counsel for the Defendant, James Litton

_____
Katherine Payerle
Assistant Chief
Fraud Section, Criminal Division
United States Department of Justice