# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR. NO. 2:19-cr-20083-SHL |
| | ) | |
| vs. | ) | |
| | ) | **FILED IN OPEN COURT** |
| JAMES LITTON, | ) | DATE: _6/9/21_ |
| | ) | TIME: _11:40 AM_ |
| Defendant. | ) | INITIALS: _SMP_ |

---

## PLEA AGREEMENT

---

The Defendant, James Litton, by and through counsel, Claiborne H. Ferguson, knowingly and voluntarily agrees with the United States, through Joseph C. Murphy, Jr., Acting United States Attorney for the Western District of Tennessee, and Daniel Kahn, Acting Chief, Fraud Section, Criminal Divison, U.S. Department of Justice, to enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B).

1.  The Defendant agrees to enter a plea of guilty to Count One of the Superseding Indictment in this matter, which charges the Defendant with a conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349. The punishment for this offense is as follows: a maximum term of imprisonment of up to 10 years, a term of supervised release of not less than three years, a fine up to $250,000, criminal forfeiture as set forth herein and a mandatory $100 special assessment. The defendant has read the Superseding Indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged.

2.  In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss Count Two of the Superseding Indictment.

1

3.      The Defendant further agrees that:

a.      The Defendant having a DEA number at any time in the future would be against the public interest. Moreover, the defendant stipulates that his maintaining a medical practice would be against the public interest. As such, Defendant understands, acknowledges, and agrees that as a result of this Plea Agreement, he will be permanently prohibited from obtaining or maintaining a Drug Enforcement Administration controlled substance registration number (a "DEA number"). The Defendant agrees to undertake all steps necessary to effectuate the terms of this paragraph, including completing and executing all necessary documents provided by any department or agency of the federal government, within sixty (60) days of the execution of this Plea Agreement. Moreover, the Defendant will no longer work in any medical office or become employed – directly or indirectly (e.g., through a staffing company or other contractor) – for any person or entity who is a Registrant with the Drug Enforcement Administration or hold any position with any company that involves the distribution of controlled substances, whether lawful or unlawful.

b.      The Defendant is pleading guilty to Count One of the Superseding Indictment because he is guilty of the charges contained within;

c.      If he had proceeded to trial and had been convicted, he would have had the right to appeal the conviction.  He understands that by pleading guilty, he gives up the right to appeal the conviction. Based on concessions made in this plea agreement by the United States, he also hereby waives his rights to appeal his sentence, including an upward departure or variance from the guideline range calculated by the Court, unless the sentence imposed by the Court exceeds the maximum sentence permitted by statute;

d.      Except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, he waives his right to challenge the sufficiency or the voluntariness of his guilty plea on direct appeal or in any collateral attack;

e.      The special assessment of $100 is due and payable to the U.S. District Court Clerk's Office, and the Defendant agrees to provide the United States with evidence of payment immediately after sentencing; and

f.      This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty.  No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

2

4.     Defendant admits that if put to its burden at trial, the government would be able to prove the following beyond a reasonable doubt:

*At all times relevant to this statement of facts, the Defendant was an advanced practice nurse (nurse practitioner) licensed to practice in the State of Tennessee, and also held a registration with the Drug Enforcement Administration ("DEA"), which allowed him to prescribe controlled substances. In addition, he owned and operated Consolidated Health Services, through which he obtained the privilege of billing Medicare and Medicaid for legitimate medical services that he provided to patients.*

*Between February 2017 and August 2018, the Defendant knowingly and wilfully conspired with at least one other person to defraud the health care benefit programs Medicare and TennCare (Tennessee Medicaid) in connection with the delivery of or payment for health care benefits, items, or services.*

*Specifically, through his clinic – Consolidated Health Services – in or around Memphis, Tennessee, the Defendant and his co-conspirators issued prescriptions for Schedule II controlled substances, including oxycodone and hydrocodone, outside the course of professional practice.*

*On certain occasions, the individuals receiving the prescriptions had no office visit with the Defendant. Nonetheless, the Defendant caused the prescriptions to be issued, and caused Medicare and Medicaid to be billed as though he had performed an examination and other services for these individuals.*

*Under the circumstances described above, the Defendant prescribed controlled substances with a street value approximating $7.6 million dollars, which resulted in Medicare and Medicaid paying the Defendant or a company owned and controlled by him approximately $61,145 for services the Defendant did not provide.*

5.     The Defendant understands that:

a.     Should it be judged by the United States that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of U.S.S.G. § 3C1.1 from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw the plea, the government will be released from its obligations and would become free to argue for any sentence within the statutory limits, and would further become free to pursue any charges related to the above-admitted conduct in the Eastern District of Tennessee.  Such a breach by the Defendant would not release the Defendant from the plea of guilty; and

3

b. The Defendant further expressly waives his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon affixing a signature to this plea agreement. The Defendant understands and agrees that in the event the Defendant violates the plea agreement, the Defendant does not enter a plea of guilty, or the guilty plea is for any reason withdrawn, any statements made by the Defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the Defendant during any court proceeding involving the Defendant's plea of guilty, including the "agreed facts" set forth herein, any other factual bases or summaries signed by the Defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the Defendant in any and all criminal actions.

6. The parties agree that Defendant's base offense level, including relevant conduct under U.S.S.G § 2B1.1 is 6. The Defendant further agrees that pursuant to Comment 3(F)(vi) of that section, "in a case involving controlled substances, loss is the estimated street value of the controlled substances," and agrees that the relevant loss in this case is approximately $7.6 million. The Defendant therefore agrees that an additional 18 points should be added to the Defendant's base offense level.

7. The parties further agree that the Defendant was an organizer or leader of this conspiracy, which involved five or more participants pursuant to U.S.S.G. §3B1.1, and as a result, four (4) points should be added to the Defendant's base offense level.

8. The parties further agree that the Defendant abused a position of public or private trust and used a special skill in a manner that significantly facilitated the commission or concealment of the offense pursuant to U.S.S.G. §3B1.3, and an additional two (2) points should be added to the Defendant's base offense level as a result.

9. Defendant and the government have reached no other agreements with respect to the calculation of the United States Sentencing Guidelines.

10. The government and the Defendant agree that the Defendant will pay mandatory restitution as follows: $61,145 to be distributed to the following victims:

   a. The Federal Medicare Program: $28,631
   b. The Tennessee State Medicaid Program (TennCare): $32,514

11. Notwithstanding the foregoing, if the Defendant attempts to withdraw his plea for any other reason, then the Government will be free to argue for any sentence within the statutory limits.

12.   Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to whether and when the Court will accept the recommendation of the government.

13.   The United States agrees that, if the Court accepts the Defendant's guilty plea, it will not prosecute the Defendant for any offense related to the offenses described herein, with the exception of crimes of violence or perjury.

14.   By signing this agreement, Defendant affirms that he is satisfied with his lawyer's counsel and representation, and hereby freely and voluntarily enters into this plea agreement. The Defendant understands that this writing constitutes the entire Plea Agreement between the Parties with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorneys with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

_____
JAMES LITTON
Defendant

5-25-21
_____
Date

_____
CLAIBORNE H. FERGUSON
Defendant's Counsel
Ramon Damas

6-9-21
_____
Date

5

DANIEL KHAN
Acting Chief
Fraud Section, Criminal Divison
U.S. Department of Justice

and

JOSEPH C. MURPHY, JR.
Acting United States Attorney
Western District of Tennessee

By:

*Katherine C. Payerle*                    May 21, 2021

KATHERINE PAYERLE                          Date
Assistant Deputy Chief,Health Care Fraud Unit
Fraud Section, Criminal Divison
U.S. Department of Justice

JILLIAN WILLIS
Trial Attorney, Health Care Fraud Unit
Fraud Section, Criminal Division
U.S. Department of Justice

6